BELDEN ET AL. *v.* GONZÁLEZ.

APPEAL from the District Court of Mayagüez.

No. 46.—Decided March 9, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence introduced at the trial, it is necessary that the same be set out in a bill of exceptions or in a statement of facts.

ID.—FINDINGS UPON THE EVIDENCE.—Where there are different elements of evidence, which taken together have served as a basis upon which the judge forms his conclusion as to the controverted facts, it is impossible for the appellate court to consider the different elements separately by taking into account some of them and overlooking others, because it must be presumed that the findings of the trial court upon the evidence are correct until the contrary is shown, and this showing to the contrary must appear from all of the evidence introduced and not from some parts of it alone.

GIFTS—DECLARATION OF NULLITY—CREDITORS.—Where the nullity and not the rescission of a gift or donation has been decreed, the provisions of paragraphs 1 and 2 of section 651 of the Civil Code are not applicable because they assume that the gift is valid although made in fraud of creditors.

ID.—SIMULATION AND FRAUD.—Where the declaration of nullity of a gift is based solely and exclusively on the fact that it has been made in fraud of one creditor, such gift or donation is not null and in that case the provisions of section 651 of the Civil Code would be applicable; furthermore if such a declaration of nullity is based on the fact that the donation or gift was simulated, it must subsist until the absence of such simulation is proved.

ID.—RECORD NULL AND VOID.—Where the donation has been declared to be null and void, records made or entry by virtue of such donation in the registry of property must also be held null and void.

ID.—EFFECTS OF THE NULLITY OF A DONATION—LIABILITY OF DONOR.—Where a donation has been declared null and void on the ground that the same was simulated and made in fraud of a creditor, the donee will not be required to pay the same, because by virtue of the annulment the property donated would revert to the ownership of the donor and be subject to such payment, and the donor would be the only one liable for the debt, together with interest and costs.

The facts are stated in the opinion.

*Messrs Acuña and Méndez* for appellant.

*Mr. Smith* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 10, 1904, Cora May Belden de Smith, joined by her husband, Herbert E. Smith, filed a complaint in the District Court of Mayagüez against Gabriel González y García and José Antonio, Manuel Evaristo and Benigno Claudio Fernández y Diez, minors, represented by their father, José Antonio Fernández y Pérez, in which complaint she prayed for the annulment of the deed of donation of certain real property, consisting of rural and urban estates and actions of coownership, executed on June 10, 1903, before Benito Fores y Morazo, a notary of San Germán, by the defendant,

Gabriel González, in favor of the minors, who are also defendants, alleging as the principal ground for her action that such donation was fictitious and simulated and made in fraud of a prior legitimate creditor of Gabriel González García, namely, Salvador Lugo Torres, who had assigned, sold and conveyed, on May 30, 1904, to Cora May Belden de Smith, all his rights and actions in a sum of money which González García was under the obligation of delivering to Lugo Torres, by virtue of an order made on March 14, 1904, in an action brought in the District Court of Mayagüez by Lugo Torres against González García *et al.* in an action of intervention of ownership, said order having been made in compliance with a judgment rendered by the same court on March 4, 1902, sustaining the complaint in intervention; which judgment was affirmed by this Supreme Court on June 6, 1902.

The prayer of said complaint reads as follows.

"Therefore, the plaintiffs pray this honorable court (of Mayaguez) to render judgment against said defendants holding said alleged donation or gift from the defendant, Gabriel González y García, to the defendants, José Antonio, Manuel Evaristo and Benigno Claudio Fernández y Diez, represented by their father, José Antonio Fernández y Pérez, on June 10, 1903, to be null and void, by reason of having been made in fraud of the rights of the plaintiffs as to said judgment, interests and costs, as also in fraud of the successor thereto, Salvador Lugo y Torres, and order the rescission of such donation or gift on these grounds, subjecting such property not encumbered by liens prior to said judgment, to the claim, judgment and execution of the plaintiff, Cora May Belden de Smith, and making it liable to execution; as also to cancel the record made of such donation or gift in favor of said minor defendants in the registries of property of Mayaguez and San German, leaving it recorded in the name of said defendant, Gabriel González y García, as his property; or that said José Antonio, Manuel Evaristo and Benigno Claudio Fernández y Diez, represented by their father, José Antonio Fernández y Pérez, be considered and declared trustees of said Gabriel González y García and required to turn over the property hereinbefore described in this complaint to said González y García, subjecting it to the execution of Cora May Belden de Smith; and that an order issue permitting the

plaintiffs to file a *lis pendens* of this action in the registries of property of San German and Mayaguez, and that all the˜ costs in this action be taxed against the defendants.—Herbert E. Smith, counsel for plaintiffs.''

José Antonio Fernández y ˜Pérez answered the complaint on behalf of his minor children, denying the acts alleged by the plaintiff in so far as they related to the prayer for an order to rescind the gift made by Gabriel González to the minors referred to, by instrument executed on June 10, 1903, because the grounds upon which said petition was based were not true.

A day having been set for the trial, the documentary evidence was presented and the testimony of the witnesses was heard, the court thereupon rendering the following judgment:

"*District Court of Mayaguez, Porto Rico.*—No. 475. *Cora May Belden de Smith* v. *Gabriel González et al.* Rescission of a donation. Judgment entered February 16, 1905. This cause was called for trial on February 11, 1905, in its regular order. The plaintiff appeared through her attorney, Herbert E. Smith, and the defendants were represented by Attorneys J. S. Amill and Rodolfo Ramírez; and they stated that they were prepared to proceed with the trial. The court, after having heard the evidence and the arguments of the parties, reserved judgment until this 16th day of February, 1905, and on this day it holds that the law and the facts are in favor of the plaintiff, and, therefore, decrees and orders that she recover from the defendants the sum of $1,466.70, which is the amount of the credit ordered paid by judgment rendered in action No. 208, prosecuted ·by Salvador Lugo against Gabriel González García *et al.*, in an action of intervention of ownership, which credit was assigned to the plaintiff, and also legal interest from the date of the filing of this complaint, with the costs of the proceeding. Consequently, the public deed of donation executed on June 10, 1903, in the city of San German before Notary Benigno Fores y Morazo, by Gabriel Gonzalez y García in favor of the legitimate minor children of José A. Fernández y Pérez and Evarista Diez, named José Antonio, Manuel Evaristo and Benigno Claudio Fernández y Diez, is declared to be null and void by reason of being a simulated contract, and on the ground that such donation was made with the manifest intention and deliberate

purpose of defrauding the claim represented by the plaintiff; and any records made by virtue of said contract in the registries of property of this city and San German are likewise declared null and void, because a record does not validate acts or contracts which are void under the law.  It is likewise ordered that, for the purpose of enforcing payment of the claim of the plaintiff, the real property, which is the subject of the donation, be first proceeded against, which property becomes subject under this judgment to the payment of the said debt, and that execution issue against the property of the defendants for the satisfaction of this judgment.—Isidoro Soto Nussa, judge.  Attest: Francisco Llavat, secretary.

"I certify that the foregoing is a true and faithful copy of the original which appears at folio 88 of Book A of the judgments of this District Court of Mayaguez.  Done under my hand and seal, in Mayaguez, February 16, 1905.—Francisco Llavat, secretary."

From this judgment all of the defendants took an appeal, alleging the following grounds in support thereof, in this Supreme Court:

"First. Violation of sections 632 *et seq.*, of the revised Civil Code, because Gabriel González having full capacity to enter into contracts and dispose. of his property, and the González Diez minors not being specially disqualified by the law to receive gifts, neither the prayer for the annulment of the gift bestowed by the deed of June 10, 1903, nor the judgment annulling it, were proper; this violation is more palpable if it be considered that it involves a licit object and present property.

"Second. Violation of section 642 of said Code, said provision permitting the donation of all the present actual property of a person, provided the latter reserves in full ownership or in usufruct what is required for his support in a condition corresponding to his circumstances; and the defendant having reserved at the time of the gift, as shown by the instrument the annulment of which is sought, the amount of a claim which he had against Francisco Crespo and Damián Fernández, and, having on the other hand his profession as a clergyman which gives him sufficient income on which to live in comfort, he had the right to make the gift the subject of this action, in a valid and irrevocable manner.

"Third. Violation of section 651 of the Civil Code, which provides that, if there should be no stipulation in the gift as to the payment of debts, the donee shall be liable for them only if the gift has

been made to defraud creditors; and this legal provision being so explicit, the judgment, in holding that the gift was made in fraud of creditors, should have adjudged the donees to pay the debts of the donor to the extent of the property donated, but never the nullity of the gift of June 10, 1903.

"Fourth. The second paragraph of said section is also violated, because Gabriel González having, as may be deduced from reading the deed of June 10, 1903, and. from the evidence submitted at the oral trial, sufficient property with which to cover the thousand odd *pesos* claimed in this action, the said legal provision has been complied with, and the judgment having held differently, its violation is evident.

"Fifth. Violation of article 34, in relation with article 33 of the Mortgage Law and the concordant articles of the Regulations for the execution of said law, because the deed of gift of June 10, 1903, not being void in any respect, and Mr. González appearing in the registry as having the right to execute it, the judgment, in ordering the annulment of the records made in connection with such deed, has violated the articles of the law and regulations above cited.

"Sixth. Error in the findings upon the evidence. Both the deed of gift of June 10, 1903—submitted by the plaintiff—and the testimony of the witnesses heard at the oral trial, show that the donor, Gabriel González, possesses sufficient property of his own from which to pay the thousand odd *pesos* claimed of him by the plaintiff, without the necessity of having recourse to the property donated for the enforcement of payment; and the judgment court, in not so holding, evidently erred in its findings upon the documentary evidence and the testimony of the witnesses."

We cannot examine the evidence submitted in the action, because such evidence consists of documentary evidence and the testimony of witnesses, and as the testimony of the witnesses is in the form of reporter's notes, which this court has held on a number of occasions, lack efficacy and legal value to show in an authentic manner what the witnesses have testified, and the material portions of their testimony taken from such notes should be embodied in a bill of exceptions or statement of facts, in accordance with the provisions of section 214 of the Code of Civil Procedure, it would be useless, even

if we were able to do so, to examine the documentary evidence alone, independently of the testimony of the witnesses, which might render valueless or even destroy the merits of the former.

When there are a number of elements of proof which, considered as a whole, have enabled the judge to arrive at a conclusion upon the facts discussed in the action, an appellate court cannot divide these elements and consider them singly, taking some into consideration and ignoring others; because it must always be assumed that a court has properly weighed the evidence until the contrary is shown; and such showing to the contrary must appear from all the evidence submitted and not from some of it only.

In the judgment appealed from the Mayagüez court held that the gift made by the deed of June 10, 1903, by Gabriel González y García to the legitimate minor children of José A. Fernández Pérez and Evarista Diez, was simulated and made with the manifest intention and deliberate purpose of defrauding the credit represented by the plaintiff, and on these grounds held said deed of gift to be null.

The revocation of the gift is not ordered and decreed, but only its annulment, and such annulment having been ordered, the first and second paragraphs of section 651 of the Civil Code are not applicable, because they are based on the assumption that the gift is valid although made in fraud of creditors.

With regard to the violation of sections 632 *et seq.* of the said Code, we understand that the legal capacity of the donor and of the donees to make and receive the gift not having been the subject of controversy in the action, it is unnecessary to discuss such violation, because the annulment is not based on the incapacity of the donor and of the donees, but on the fact that the gift was simulated and made with the manifest intention and deliberate purpose of defrauding the credit represented by the plaintiff.

It is true that if the annulment had been based solely and

exclusively upon the ground that the gift had been made in fraud of one creditor, such gift would not have been void and then section 651 of the Civil Code would have been applicable, but as the annulment is also founded on the simulating of the gift, until it is proved that such simulation did not exist, which proof can be deduced only from an examination of all the evidence, which we cannot make on account of the lack of a bill of exceptions or statement of facts, it is obvious that the conclusions of the judgment court must stand.

We cannot enter upon a discussion as to whether the donor, Gabriel González, reserved or not what was required for his support in a condition corresponding to his circumstances, in compliance with the provisions of section 642 of the Civil Code, or whether after the gift González retained enough property to cover the debt claimed by the plaintiff, because to do so it would be necessary to examine all the evidence submitted at the trial and, as we have already said, we cannot do this; and, consequently, we cannot hold that sections 642 and 651 of the Civil Code have been violated.

With regard to articles 33 and 34 of the Mortgage Law, alleged to have been violated on account of the annulment of the records made by reason of the gift having been ordered, we believe that the nullity of the gift having been declared without the impropriety of such annulment having been proved, the annulment of the record of the gift was also proper.

Therefore, for the reasons stated, the appeal should be dismissed.

However, upon examining the text of the judgment, we note that the judgment court, in annulling the public deed of gift and its record in the registries of property of Mayagüez and San Germán, ordered that Cora May Belden de Smith should recover from the defendants the sum of $1,466.70, with interest and costs, without making any distinction whatever between the defendant González and the minors also made defendants; because, if the gift is void, it

is obvious that the minors could not be compelled to pay said debt.

The liability for payment rests exclusively upon the defendant González, and the real property, the subject of the gift which reverts to the ownership of González, becomes subject to such payment, as ordered by the judgment.

The defendant González is liable for the payment of the debt, with interest and costs; and, with this amendment, the judgment appealed from should be affirmed, with no special taxation of the costs of the appeal.

*Modified and affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred